# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ORLANDO VEGA GARCIA, | : | Civil No. 3:17-cv-1060 |
| Petitioner | : | (Judge Mariani) |
| v. | : | |
| MARY SABOL, | : | |
| Respondent | : | |

## **MEMORANDUM**

I. **Background**

On June 16, 2017, Petitioner, Orlando Vega Garcia, a native and citizen of Cuba, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his continued detention by the United States Immigration and Customs Enforcement ("ICE"), and seeking release from custody. (Doc. 1, pp. 1, 6-8). At the time his petition was filed, Petitioner was detained at the York County Prison, in York, Pennsylvania. (Doc. 1).

On October 6, 2017, Respondent filed a suggestion of mootness stating that Petitioner was released on August 27, 2017 on an order of supervision. (Docs. 8, 8-1). Respondent argues that the habeas petition is therefore moot. (Doc. 8, p. 2) (citing *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")). For the reasons set forth below, the Court will dismiss the

habeas petition as moot.

## II. Discussion

Article III of the Constitution dictates that a federal court may adjudicate "only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990); *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009). "[A] petition for habeas corpus relief generally becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition." *Diaz-Cabrera v. Sabol*, 2011 U.S. Dist. LEXIS 124195, *3 (M.D. Pa. 2011) (quoting *Lane v. Williams*, 455 U.S. 624, 631 (1982)). Thus, when a petitioner, who challenges only his ICE detention pending removal and not the validity of the removal order itself, is deported, the petition becomes moot because the petitioner has achieved the relief sought. *See Tahic v. Holder*, 2011 U.S. Dist. LEXIS 49782, *3-4 (M.D. Pa. 2011); *Nguijol v. Mukasey*, 2008 U.S. Dist. LEXIS 95464, *1-2 (M.D. Pa. 2008) (dismissing the habeas petition as moot).

In the present case, the habeas petition challenges Petitioner's continued detention pending removal. *See* (Doc. 1). Because Petitioner has since been released from ICE custody, the petition no longer presents an existing case or controversy. *See Diaz-Cabrera*, 2011 U.S. Dist. LEXIS 124195 at *2-4. Further, Petitioner has received the habeas relief he sought, namely, to be released from ICE custody. *See Sanchez v. AG*, 146 F. App'x 547, 549 (3d Cir. 2005) (holding that the habeas petition challenging the petitioner's continued

detention by ICE was rendered moot once the petitioner was released); *Green v. Decker, et al.*, 2013 U.S. Dist. LEXIS 82974 (M.D. Pa. 2013) (concluding that the petitioner's removal to Jamaica rendered the habeas petition moot because he received the only relief sought, his release on supervision from ICE custody); *Williams v. Sherman*, 214 F. App'x 264, 265 (3d Cir. 2007) (petitioner's challenge is mooted when he is granted supervised release). Consequently, the instant habeas corpus petition will be dismissed as moot.

A separate Order shall issue.

Date: October 12, 2017

Robert D. Mariani
United States District Judge